**HODGES**
*vs.*
**SHIELDS.**

---

Case 52.                    Hodges *vs.* Shields.

APPEAL FROM OHIO CIRCUIT.

1. A tenant is not permitted to acquire a different title from that of his landlord, and dispute the title of his landlord.

2. But if the landlord's title has, by a judgment or decree of a competent tribunal, been adjudged invalid for the protection of the tenant, the allegiance of the tenant ceases, and he may take shelter under the better title. (*Swan vs. Wilson*, 1 *Marshall*, 73; 5 *J. J. Marshall*, 104.)

3. A landlord is not entitled to the benefit of a title purchased by his tenant while in possession of the premises, when he had no title when he leased to the tenant.

Hodges, in May, 1852, leased of Shields a tract of land for a term of years; he afterwards ascertained that Shields had no title whatever to the land, and brought this suit, praying that the contract of lease be rescinded—having in the meantime purchased the land of Thompson, the real owner. The court below decided that Shields was entitled to the benefit of the purchase made of the land by Hodges of Thompson, and refused to set aside the contract of lease, &c., and Hodges has appealed.

*John Rodman*, for appellant—

1. It is clear that Hodges, as the lessee of Shields, was liable at any moment to be evicted from the possession of the land. Shields had not even a colorable title to the land. He held under Thompson, or rather claimed to hold under him, while in fact he had not a shadow of title to the land. Thompson could turn Hodges out of the possession, and make him pay rent for five years, if he held it for so long a time. He bought in good faith from Thompson the only title that existed to the land. Ought he be compelled to surrender the *title in fee* to the appellee, when he only leased the land from the latter for twelve years? If so, great hardship is imposed upon the appellant, for the fruits of his diligence are swept into the lap of the appellee who falsely presumes to set up title without one circumstance to establish it.

2. The court undoubtedly erred in refusing to vacate the lease.

The plaintiff prays that it be vacated; and the defendant, in his answer, page 6, agrees that the "plain- ' tiff may rescind the contract as to the time, by quit- ' ting the premises, if he desires it." Although the appellee would not otherwise have been bound to suffer rescission, still, as he plainly accepts the proposition, it was the duty of the court to grant it to the plaintiff, because no opposition was offered to it by the appellee—indeed, he broadly agrees to it. To

this extent, at least, the court erred in refusing to rescind the lease.

A reversal is asked.

*J. J. Harrison,* on the same side—

Hodges, the appellant, filed his petition to avoid a lease from Shields, the defendant. (See exhibit A.) He says he was induced to take the lease from the false representations of said Shields, who represented himself as being the owner of the land leased, when in fact he had no title whatever to the land; and did not even receive a bond until some time after the lease, if he ever received it at all. None has ever been exhibited in this case. And if he ever received any bond it was from Porter, who don't claim to have ever had any title. He says he made a verbal purchase of the Thompsons, who deny positively of ever talking to Porter about selling the land. See the pleadings, as we have to rely upon them alone. The depositions being properly ruled out by the court.

The circuit court erred in decreeing the title Hodges procured of the Thompsons, to Shields. Hodges evidently had the right to make the purchase of Thompsons to protect himself, and the court should have confirmed his title. I admit, as a general rule, a tenant cannot deny his landlord's title; but this rule has exceptions, and this case certainly comes under the exceptions.

A tenant may avoid the title of his landlord by showing his title has expired, &c. (*Swan vs. Wilson,* 1 *Marshall,* 99; *Logan vs. Steele's heirs,* 7 *Monroe,* 104.)

A tenant may renounce the title of his landlord, and take shelter under a paramount title, when that of his landlord is insufficient for his security. (*Lunsford vs. Turner,* 5 *J. J. Marshall,* 105.) Shields and Porter having no title, are but tenants of Thompsons. Porter claims to have made a verbal purchase which the Thompsons deny in their answer, and Porter makes no proof.

From all the circumstances of this case it does appear that Hodges cannot be considered a tenant of Shields; but that Hodges, Shields, and Porter, are all the tenants of Thompsons. Hodges is only guilty of buying his landlord's title.

The lease should have been set aside by the court, and Hodges' title confirmed.

No appearance for appellee.

*Judge* Duvall delivered the opinion of the court.

It is a well established general principle of law, that the tenant must be faithful to the title of his landlord. He cannot controvert that title by showing either an outstanding superior adverse title in another; nor would he be permitted, in an action brought by the landlord to recover the possession, to set up such superior title acquired by himself, either before or after the execution of the lease, because by taking the lease, and the possession under it, he impliedly admits the title of his landlord, and is estopped to deny it.

But this salutary rule is neither inflexible nor universal in its application. It has been held that, as allegiance and protection are correlative and co-extensive, therefore, whenever it is ascertained by a competent judgment or decree, that the landlord's title is insufficient for the security of the tenant, the relation between them may be renounced, and the tenant may protect himself by taking shelter under the paramount title, or may even show *in himself, the acquisition* of a superior title. (*Swan vs. Wilson*, 1 *A. K. Marsh.* 73; 5 *J. J. Marsh.* 104.)

We suppose that no case can be found in which it has been held that the acquisition of title by a tenant for years, by a fair purchase of the land after the execution of the lease under which he took possession, was a breach of his fidelity to his landlord, or that such title enured to the benefit of the latter. The tenant, in such case, cannot be regarded as

---

HODGES
*vs.*
SHIELDS.

Feb. 5, 1858.

1. A tenant is not permitted to acquire a different title from that of his landlord, and dispute the title of his landlord.

2. But if the landlord's title has, by a judgment or decree of a competent tribunal, been adjudged invalid for the protection of the tenant, the allegiance of the tenant ceases, and he may take shelter under the better title. *Swan vs Wilson*, 1 *Marshall*. 73; 5 *J. J. Marshall*, 104.

3. A landlord is not entitled to the benefit of a title purchased by his tenant while in possession of the premises, when he had no title

holding the title in trust for his landlord, especially in a case like the present, where it is shown that the landlord had no title at all. The equitable rule upon this subject has never been so extended as to embrace the class of cases to which this belongs.

The courts of this country have never gone further than to establish the general principle, that if a trustee, mortgagee, tenant for life, or purchaser under an executory contract, get an advantage by being in possession, or behind the back of the party interested, and purchase in an outstanding title or incumbrance, he shall not use it for his own benefit, but shall be considered as holding it in trust. And it has been decided that even this rule does not apply to such outstanding titles or incumbrances as were known by the vendor, and concealed from the vendee, but only to such as were known at the time of the contract, and understood by the parties. (*Young vs. Hopkins*, 6 *Monroe*, 25.)

The court below therefore erred in deciding that Shields was entitled to the benefit of the purchase made by Hodges of the land in contest, from the Thompsons, who, it appears, were the real owners, and had never sold it to Porter, (from whom Shields purchased) by verbal contract or otherwise. Shields, therefore, had no title, legal or equitable, at the time the lease was executed, and the subsequent purchase by Hodges was no breach of his fidelity or obligations as tenant, but was perhaps necessary to prevent the loss of his improvements, and to protect him against the claim of the real owner, for rents.

But inasmuch as he failed to show any fraud on the part of Shields in procuring the execution of the lease, and had not surrendered or offered to surrender the possession he had acquired under it, he did not show himself entitled to a rescission of that contract. Shields, it is true, consents in his answer, to a rescission, but upon the express condition that Hodges should quit the premises. Until he does that, he cannot avail himself of any right he may

have acquired in virtue of his purchase from the Thompsons, and his petition should therefore have been dismissed.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions to dismiss the petition, and all the subsequent pleadings.